### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **PAUL YOUNG ROSS, #54895-179,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:09-CV-0460-G** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Respondent.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his

signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief brought by a federal

prisoner seeking to challenge state court convictions under 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Federal Bureau of Prisons (BOP) at

FCI Beaumont in Beaumont, Texas.  Respondent is the Director of the Texas Department of

Criminal Justice, Correctional Institutions Division (TDCJ-CID).  Process has been issued in this

case.

Statement of the Case:  On March 29, 1991, Petitioner pleaded guilty to burglary of a

habitation pursuant to a plea bargain agreement and the trial court placed him on deferred

adjudication probation for a period of five years and fined him $750.  *State v. Ross*, No. F90-

21741 (Crim. Dist. Ct. No. 2, Dallas Cty).  Within less than five months, the State indicted

Petitioner on two new charges -- theft over $750 and burglary of a habitation.  *State v. Ross*, Nos.

F91-31310 and F91-31285 (Crim. Dist. Ct. No. 2, Dallas Cty).  The State also filed a motion to

adjudicate guilt and to revoke probation in the first burglary case.

At a hearing on October 29, 1991, Petitioner entered a plea of true to the State's motion

to adjudicate guilt in the first burglary case, a guilty plea pursuant to a plea bargain agreement in

the theft case, and a guilty plea in the second burglary case.  The trial court adjudicated

Petitioner guilty in the first burglary case and sentenced him to forty-five years imprisonment.

*See Ross*, No. F90-21741.  In the theft case, the trial court sentenced Petitioner to ten years

imprisonment and a $1,000 fine in accordance with the plea agreement.  *See Ross*, No. F91-

31310.  In the second burglary case, the court sentenced Petitioner to forty-five years

imprisonment.  *Ross*, No. F91-31285.  Petitioner appealed in all three cases.  The Fifth District

Court of Appeals at Dallas dismissed for want of jurisdiction the appeals stemming from the

theft and first burglary, and affirmed the judgment and sentence with respect to the second

burglary.  *See Ross v. State*, Nos. 05-91-01754-CR,  05-91-01755-CR, and  05-91-01756-CR

(Tex. App. – Dallas Mar. 27, 1997, no pet.) (unpublished).

On March 12, 1998, Petitioner filed three state habeas applications pursuant to art. 11.07,

Tex. C. Crim. P.  On August 22, 2007, over nine years later, the Texas Court of Criminal

Appeals denied the applications without written order on the trial court's findings without a

hearing.  *See Ex parte Ross*, Nos. WR-60,039-01, WR-60,039-02, and WR-60,039-03.

During the pendency of the state habeas applications, Petitioner (who had previously

been paroled from TDCJ) was charged and convicted in the U.S. District Court for the Southern

District of Texas, Laredo Division, of conspiracy to distribute narcotics and possession with

intent to distribute a controlled substance.  *United States v. Ross*, 5:05cr1973(01) (S.D. Tex.).

Punishment was assessed at 130 months imprisonment (later reduced to 85 months

imprisonment), a five-year term of supervised released, and a $2,000 fine.  *Id.*[1]

On March 10, 2009, Petitioner filed this federal petition challenging all three of his state

convictions.  In three grounds, he alleges he was denied the effective assistance of counsel at

trial and on direct appeal, and the opportunity to have his state habeas applications reviewed

within a timely manner.[2]

In response to the court's order to show cause, Respondent filed an answer along with the

state court record, contending Petitioner does not meet the "in custody" requirement with respect

to his theft conviction, and the petition as it relates to his burglary of a habitation convictions is

untimely and without merit.  Petitioner filed a reply.

Findings and Conclusions:  A federal court may consider a writ of habeas corpus only "in

behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United

States."  28 U.S.C. § 2254(a).

Petitioner is not presently incarcerated on the basis of his theft conviction.  The record

confirms he fully served his ten-year theft sentence long before filing the petition in this case,

and he has provided nothing to prove the contrary.  (Respondent's Answer at Exh. A).  The fact

that his sentence expired while he pursued state habeas relief (*see* Petitioner's Reply at 9), does

---

[1]    Following his federal conviction, TDCJ placed a hold on Petitioner with the BOP due to violations of his state parole.  (Respondent's Answer at Exh. A).  By virtue of this hold, Petitioner is "in custody" on his burglary convictions for purposes of federal habeas jurisdiction.

[2]    For purposes of this recommendation, the petition is deemed filed on March 5, 2009, the date Petitioner signed it and presumably placed it in the prison mail.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed when the prisoner tenders it to prison officials for mailing).

not suffice to meet the "in custody" requirement.  Therefore, Petitioner's claims with respect to

his theft conviction should be dismissed for want of jurisdiction because Petitioner cannot satisfy

the "in custody" requirement.  *See Maleng v. Cook,* 490 U.S. 488, 492, 109 S. Ct. 1923 (1989).

While the court has jurisdiction over the burglary convictions, the federal petition is

untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a

one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28

U.S.C. § 2244(d).  In this case the one-year period is calculated from "the date on which the

judgment [of conviction] became final by the conclusion of direct review or the expiration of the

time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).[3]

On March 27, 2997, the Fifth District Court Appeals dismissed Petitioner's appeal

stemming from the first burglary for want of jurisdiction, and affirmed the judgment and

sentence stemming from the second  burglary.  *See Ross*, Nos. 05-91-01754-CR,  05-91-01755-

CR, and  05-91-01756-CR.  Both convictions became final on April 28, 1997, the last day on

which Petitioner could have filed petitions for discretionary review with the Texas Court of

Criminal Appeals.  The one-year period began to run on April 29, 1997, the day after Petitioner's

convictions became final.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).  As of

March 12, 1998, the date on which Petitioner filed his art. 11.07 applications, 317 days of the

one-year limitations period had elapsed.  The state applications remained pending until they were

denied on August 22, 2007, during which time the one-year period was tolled pursuant to 28

---

[3]        Section 2244(d)(1)(B)-(D) are inapplicable in this case.  Petitioner has alleged no
state created impediment that prevented him from timely raising his claims.  Nor does he base
his grounds on any new constitutional right under subparagraph (C).  With regard to
subparagraph (D), the court determines that the facts supporting his grounds became known or
could have become known prior to the date on which his convictions became final.

U.S.C. § 2244(d)(2).  *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v.*

*Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).  The one-year period resumed running on August

23, 2007, and expired 48 days later on October 9, 2007– more than one year and four months

before Petitioner can be deemed to have filed the federal petition in this case.

In his reply, Petitioner asserts the one-year limitations period did not begin to run until

the conclusion of state post-conviction review – i.e., when he had fully exhausted his state court

remedies.  (Reply at 3-4).  This assertion is wholly baseless.  *See Harris v. Hutchinson*, 209 F.3d

325, 327-328 (4th Cir. 2000); *McCoy v. Cockrell*, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D.

Tex., Dallas Div., July 15, 2002) (adopting recommendation of Magistrate Judge).  The AEDPA

provides that the one-year period commences upon the conclusion of *direct review* of a judgment

of conviction, or upon the expiration of the time for seeking such review.  28 U.S.C. §

2244(d)(1)(A); *see Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  The running of the

one-year period is suspended while state post-conviction proceedings are *pending* in any state

court.  28 U.S.C. § 2244(d)(2).  The Fifth Circuit, as well as every other circuit that has

construed § 2244(d), has interpreted it in this way.  *See Harris*, 209 F.3d at 327-28.  Therefore,

Petitioner's claims relating to his burglary convictions are clearly time barred absent equitable

tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of

the statute of limitations would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930-

31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  In *Lawrence*

*v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be

entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner delayed filing his art. 11.07 applications until 317 days had elapsed after his convictions became final. His reply provides no explanation for this delay, other than for his self-serving, conclusory assertion that he worked diligently on his state writs despite his confinement in TDCJ's "first super administrative segregation unit," which "extremely limited . . . [his] access to the law library." (Reply at 4). Contrary to Petitioner's assertion, unexplained delays do not make the circumstances of a case extraordinary enough to qualify for equitable tolling. *See Coleman  v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *see also Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights."); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). Moreover, while confinement in super segregation may have denied or limited Petitioner's access to the law library, it does not appear that it denied him access to his legal materials. As a result, *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005), cited in Petitioner's Reply at 4, is inapposite.

Next Petitioner requests equitable tolling for the 16-month period (from June 15, 2007, until October 2008), while he was incarcerated at the Lasalle Detention Center outside Laredo, Texas, on the basis of a bench warrant issued by the Southern District of Texas, Laredo Division,

in his federal criminal case, No. 5:05-cr-1973(1).  (*See* Reply at 5-6).  During that period,

Petitioner was allegedly confined in "total isolation" and separated from his personal property

and legal materials, which were stored in the property room at FCI Beaumont.  (*Id.*).

Even assuming Petitioner were entitled to equitable tolling from the date the Texas Court

of Criminal Appeals denied his state writs on August 22, 2007, until he returned to FCI

Beaumont in October 2008, his federal petition would still be untimely.  Under this scenario, the

one-year period resumed running at the latest on October 31, 2008, and expired 48 days later on

December 18, 2008, more than two months before the filing of the federal petition on March 5,

2009.

Petitioner's remaining allegations are conclusory and wholly unsupported and, as a

result, do not warrant further equitable tolling of the limitations period.  Petitioner claims that,

following his return to FCI Beaumont, he worked diligently on his federal petition although he

was unaware of the status of his art. 11.07 writs.  (Pet's Reply at 8, and Pet's Memorandum at 2).

He explains that his correspondence to the Texas Court of Criminal Appeals went unanswered

and thus he did not know that his state applications had been denied on August 22, 2007.  (*Id.*).

Petitioner also claims that the state trial court had appointed April Smith to represent him

on the state habeas applications, and that it was her duty to notify the court of his change of

address after his parole from TDCJ and subsequent federal conviction.  (*See* Answer to Question

6 of the Mag. Judge's Questionnaire).  The court finds no support in the state court record for the

above assertion.  On the contrary, Petitioner's state habeas pleadings establish that he was

proceeding *pro se*.  The Texas Court of Criminal Appeals website further confirms Petitioner's *pro se* status.

Insofar as Petitioner complains about his *pro se* status and unfamiliarity with post-conviction remedies and the one-year federal limitations period, his claim fares no better.  The Fifth Circuit has long held that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also Johnson v. Quarterman*, 483 F.3d. 278, 286 (5th Cir. 2007) ("[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling.") (*citing Fiero v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002).

The party seeking equitable tolling has the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Because Petitioner has not carried his burden of establishing that equitable tolling is warranted, the district court should in its discretion refuse to apply equitable tolling in this case.  Accordingly, as it relates to his burglary convictions, the federal petition should be dismissed as time barred.

In his first ground, Petitioner alleges the state habeas court denied him due process during the state post-conviction proceedings.  To the extent this ground is not time barred, because it arose during the pendency of the state habeas proceedings, it should be denied.  It is well established that infirmities in collateral proceedings are not grounds for federal habeas corpus relief.  *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing *Trevino v Johnson*, 168 F.3d 173, 180 (5th Cir. 1997); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995);

*Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992); *Vail v. Procunier*, 747 F.2d 277, 277

(5th Cir. 1984)).

RECOMMENDATION:

      For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus

be DISMISSED for lack of jurisdiction with respect to Ross's theft conviction in No. F-91-

31310, and that it be DISMISSED with prejudice with respect to the burglary convictions in

Nos. F-90-21741 and F-91-31284 and his first ground for relief as barred by the one-year statute

of limitations, and

      If not time-barred, that Petitioner's first ground be dismissed as failing to present a

cognizable claim for habeas corpus relief.

      Signed this 6th day of November, 2009.

<br>

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

      A copy of this report and recommendation shall be served on all parties in the manner
provided by law. Any party who objects to any part of this report and recommendation must file
specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found. An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific. Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.